UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ROBERT ROMAN RODRIGUEZ RODRIGUEZ,

Petitioner,

v.

JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Immigration and Customs Enforcement, Salt Lake City Field Office; KENNETH PORTER, Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; and MIKE HOLLINSHEAD, Sheriff of Elmore County,

Defendants.

Case No. 1:26-cv-00505-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Petitioner Roberto Roman Rodriguez Rodriguez's Petition for Writ of Habeas Corpus (Dkt. 1). For the reasons explained below, the Court will grant the Petition and order Petitioner's immediate release from custody.

## BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States without inspection in 2020. *Pet.*, Dkt. 1, at ¶ 1. On August 4, 2026, Immigration and Customs Enforcement (ICE) officers arrested Petitioner after they encountered Petitioner at a construction site in Boise, Idaho. *Resp.*, Dkt. 5, at 2. The officers transferred Petitioner to an ICE office in Boise, where he was processed for removal proceedings. *Id.* Petitioner was then transported to the Elmore County Jail in Mountain Home, Idaho, where, as far as this Court is aware, he remains detained. *Id.*

Petitioner now invokes the Court's habeas jurisdiction, challenging his continued detention and seeking release from custody. *See Pet.*, Dkt. 1. Specifically, Petitioner argues that Respondents violated his due process rights by failing to make an individualized initial custody determination as required under 8 U.S.C. § 1226(a). *Id.* at ¶ 15.

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2005) (citing U.S. Const., Art. I, § 9, cl. 2). Throughout the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with the law." *Id.*

## ANALYSIS

As this Court has explained in many similar cases, noncitizens facing immigration detention have historically been held under one of two statutes. Those "seeking admission to the country"—that is, noncitizens apprehended at the border or ports of entry—have been detained under 8 U.S.C. § 1225(b)(2)(A), which requires mandatory detention without a bond hearing. Noncitizens already living in the country instead have been detained under 8 U.S.C. § 1226(a), which makes detention discretionary and provides a bond hearing, so that a detainee who poses neither a danger to the community nor a flight risk may be released. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164 (9th Cir. 2026).

The Government recently upended its longstanding approach to these provisions. *Id.* It now contends that every noncitizen who entered without inspection is subject to mandatory detention without bond under § 1225(b)(2)(A), regardless of when they were apprehended or how long they have lived in the United States. *Id.*

This Court has repeatedly held that unadmitted noncitizens apprehended in the interior of the United States are governed by § 1226(a) rather than § 1225(b)(2)(A). The Ninth Circuit reached the same conclusion in *Rodriguez Vazquez,* holding that "aliens present without admission who are apprehended in

the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id.* at 1165.

Nevertheless, Respondents cling to the assertion Petitioner is subject to mandatory detention under § 1225(b)(2)(A)—even as they concede that Ninth Circuit has "disagreed" with their interpretation. *Resp.*, Dkt. 5, at 3. Consequently, Respondents ask that the Court deny the Petition on the basis that § 1225(b)(2)(A) applies in this case.

After *Rodriguez Vazquez*, Respondents' position is untenable. The record establishes that Petitioner has lived in the United States for over six years. *Pet.*, Dkt. 1, at ¶ 1; *Resp.*, Dkt. 5, at 2. What is more, ICE officers encountered him at a construction site in Boise, Idaho. Dkt. 5, at 2. Given these facts, it cannot be said that Petitioner was an applicant "seeking admission" as the Ninth Circuit construed the phrase in *Rodriguez Vazquez*. The Court therefore rejects Respondents' argument as to § 1225(b)(2)(A), and the issue is whether Respondents have complied with § 1226(a).

**1. Section 1226(a)**

To determine whether a due process violation occurred, the Court must begin with the regulatory framework that governs a noncitizen's initial detention and custody determination under § 1226(a).

Section 1226(a) "permits (but does not require)" the Government, upon a warrant,[1] to arrest and detain a noncitizen pending removal proceedings and permits release on bond. *Rodriguez Vasquez*, 183 F.4th at 1173; 8 U.S.C. § 1226(a). The Department of Homeland Security (DHS) makes the initial custody determination, after which a detainee may seek a bond hearing before an Immigration Judge a further review in the Board of Immigration Appeals (BIA). *Rodriguez Vasquez*, 183 F.4th at 1173 at 1167 (citing 8 C.F.R. §§ 236.1(c)(8), (d)(1), (3), 1003.19). "A detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." *Rodriguez Vasquez*, 183 F.4th at 1173 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)).

Here, Petitioner contends that the Government violated his due process rights by denying him an individualized initial custody determination. *Pet.*, Dkt. 1, at ¶ 15. Specifically, Petitioner challenges ICE's determination that he posed a flight risk, emphasizing that he has lived in the United States for over six years, has

[1] It is not clear whether Petitioner was arrested with or without a warrant. If it were a warrantless arrest, he would have been entitled to receive an initial custody determination within 48 hours, absent an emergency or extraordinary circumstances. 8 C.F.R. § 287.3(d). But in this instance, Petitioner does not challenge the initial arrest, so the Court will not address issues related to a warrant here.

no known criminal history, and has multiple family members who are United States citizens. *Id.* at ¶ 24.

As stated above, Respondents maintain that Petitioner is detained under § 1225(b)(2)(A). *See Resp.*, Dkt. 5, 3–4. To the extent that they even engage with Petitioner's § 1226(a) argument, Respondents ask the Court to simply let the regulatory process play out. *Id.* at 4.

According to Respondents, ICE elected to detain Petitioner after determining that he posed a flight risk. *Id.* at 2. This determination was allegedly based on Petitioner's "attempt to flee from officers" and "lack of ties to the community." *Id.* However, Respondents have not substantiated those claims. The record contains no evidence that ICE exercised the discretion that is both permitted and required under § 1226(a).

Section 1226(a) and its implementing regulations provide that, pending a removal decision, DHS may continue to detain a noncitizen or release him on bond after making an individualized determination as to whether the noncitizen is a "danger to property or persons" and is "likely to appear for any future proceedings." 8 C.F.R. § 236.1(c)(8)

The record before the Court does not reflect any such exercise of discretion. Respondents offer only the bare assertion that Petitioner fled from officers and

lacks ties to the community. *Resp.*, Dkt. 5, at 2. They have provided nothing in the way of affidavits, declarations, or documents relevant to Petitioner's detention.

Petitioner, on the other hand, has provided evidence on the issue of community ties. This evidence consists of testimonials from several individuals who say that they came to know Petitioner in personal and professional settings and can speak to his reliability, professionalism, and work ethic. *See* Dkt. 7. Respondents' argument that Petitioner lacks ties to the community is therefore contradicted by the record.

In sum, Respondents' failure to provide information about the initial custody determination suggests that ICE did not exercise the discretion that is required under § 1226(a). For that reason, the Court finds that an individualized custody determination did not occur.

**2. Due Process**

As stated above, Petitioner contends that the Government violated his due process rights by denying him the individualized custody determination required under § 1226(a).

The Due Process Clause "applies to all 'persons' within the United States," including noncitizens in removal proceedings." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether an individual has been deprived of due process, courts weigh (1) the private interest at stake; (2) the risk of erroneous deprivation

of that interest and the probable value of procedural safeguards; and (3) the burden on the government of providing those procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, all three factors favor Petitioner. First, freedom from confinement "lies at the heart of the liberty interest [that the Due Process] Clause protects. *Zadvydas*, 533 U.S. at 690. Second, without an individualized assessment as to whether Petitioner poses a flight risk, there is a high risk of error. Third, although the Government has a legitimate interest in ensuring that noncitizens in removal proceedings appear when ordered, that interest can be served by making individualized determinations about the noncitizens it seeks to detain.

Accordingly, the Court concludes that Petitioner's detention violates the Due Process Clause.

**3. Remedy**

The only remaining question, then, is the proper remedy to be afforded. When resolving a habeas petition, district courts have equitable authority to dispose of the matter "as law and justice require." 28 U.S.C. § 2243; *Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Ninth Circuit has recognized that "the purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (citations omitted).

Because ICE detained Petitioner without an individualized determination, the Court finds that Petitioner's detention has been unlawful from the outset. The most appropriate remedy for this violation is to return Petitioner to the previous status quo by releasing him from detention. The Court will therefore grant the Petition and order Petitioner's immediate release.

## ORDER

**IT IS ORDERED that:**

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**. Respondents shall release Petitioner from custody forthwith.
2. Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT**.

DATED: September 8, 2026

B. Lynn Winmill
U.S. District Court Judge